UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| CORDELL AVANT, | |
| Petitioner, | Civil Action No. 6: 23-034-KKC |
| V. | |
| GILLEY, Warden, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Cordell Avant is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Avant has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his § 2241 petition, Avant states that, although he was submitted by his Unit Team for pre-release placement in a Residential Re-entry Center ("RRC")/halfway house, the records officer refused to sign off on his placement, claiming that Avant is disqualified because he is on state parole. [R. 1 at p. 4] Avant claims that this rule violates his statutory and constitutional rights. [*Id*.]

However, in his petition, Avant concedes that he has not exhausted the available administrative remedies with respect to his claims. [*Id*. at p. 7, 10] It has long been the rule that

before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. at 92-94.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied

2

with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Avant's petition does not indicate that he has taken any of these required steps. Rather, he requests that his failure to pursue his administrative remedies be excused, claiming that exhaustion is futile and that, because his full release date is 11/29/2023, pursuit of his administrative remedies would be "fruitless" because it would be "too late to obtain relief by the time this process concludes." [R. 1 at p. 7, 10] However, there is nothing in the record supporting Avant's subjective, conclusory assessment that administrative exhaustion is futile. *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)). Avant's own perception that filing an administrative grievance would be "futile" does not excuse his failure to fully exhaust his administrative remedies prior to filing suit.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate," *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Because Avant admits in his § 2241 petition that he has not pursued, much less

3

exhausted, his available administrative remedies with respect to his claims, his petition will be denied without prejudice so that he may pursue his available administrative remedies.  If Avant is not satisfied with the administrative resolution of his claims, he may then file a § 2241 petition in an entirely new case once this process is complete.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Avant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**;

2. Any pending requests for relief, including Avant's "Motion to Addum (*sic*) to Petition for A Writ of habeas corpus under 28 U.S.C. 2241, 28 U.S.C. 2201, and 28 U.S.C. 2202" [R. 4], are **DENIED AS MOOT**;

3. This action is **STRICKEN** from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This the 23rd day of March, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY